UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TERRENCE L. WALKER,

        Plaintiff,

v.

FLY LOW, INC. d/b/a CRAZY
HORSE SALOON, and
TERI GALARDI,

        Defendants.
_____/

## COMPLAINT

Plaintiff, TERRENCE L. WALKER, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, FLY LOW, INC. d/b/a CRAZY HORSE SALOON, and TERI GALARDI, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, FLY LOW, INC. was Plaintiff's employer as defined by

1

law and a corporation conducting business in this judicial district.

6. At all times material hereto FLY LOW, INC. had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, FLY LOW, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, FLY LOW, INC., was Plaintiff's employer as defined by law.

9. At all times material hereto, TERI GALARDI was Plaintiff's employer as defined by law.

10. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above.

12. Plaintiff worked for Defendants from approximately June 2012 to March 2013.

13. Plaintiff worked for Defendants as a nighttime security officer.

14. Plaintiff's primary duties and responsibilities included making sure the premises were secure during the night.

15. Plaintiff was paid at a rate of $10.00 per hour.

16. During one or more workweeks, Defendants did not pay Plaintiff time and one half

Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

17. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

18. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

19. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT II: FLSA RECOVERY OF OVERTIME WAGES COLLECTIVE ACTION COUNT

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above.

21. Plaintiff worked for Defendants from approximately June 2012 to March 2013.

22. Plaintiff worked for Defendants as a nighttime security officer.

23. Plaintiff's primary duties and responsibilities included making sure the premises were secure during the night.

24. Plaintiff was paid at a rate of $10.00 per hour.

25. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

26. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more

workweeks by Defendants.

27. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

28. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

29. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## **VERIFICATION OF PLAINTIFF**

I, TERRENCE L. WALKER, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

TERRENCE L. WALKER, as Plaintiff

4-24-13

DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
4705 S.W. 148th Avenue, Suite 102
Davie, Florida 33330-2417
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

TODD W. SHULBY
Florida Bar No.: 068365